# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Mary Karen Moretti,  Civil No. 07-3920 (DWF/SRN)

           Plaintiffs,

v.  **MEMORANDUM OPINION AND ORDER**

WYETH, INC. (d/b/a Wyeth), formally known
as AMERICAN HOME PRODUCTS
CORPORATION, individually and as successor
in interest to A.H. Robins, Inc.; SCHWARZ
PHARMA, INC.; PLIVA, Inc.; and TEVA
PHARMACEUTICALS, USA, INC.; and the following
fictitious party defendants (whether singular or plural,
individual or corporate):  No. 1, that entity which
originally obtained permission from the U.S. Food
and Drug Administration to market the drug branded
Reglan; No. 2, that entity which obtained permission
from the FDA to market the Reglan, metoclopramide
and/or metoclopramide HCI ingested by Mary Karen
Moretti; No. 3, that entity which originally manufactured
and sold any Reglan which was ultimately ingested by
Mary Karen Moretti; No. 4, that entity which originally
manufactured and sold any Reglan, metoclopramide and/or
metoclopramide HCI which was ultimately ingested
by Mary Karen Moretti; No. 5, that entity which
marketed Reglan or generic metoclopramide,

           Defendants.

---

Daniel J. McGlynn, Esq., and Patty F. Trantham, Esq., McGlynn, Glisson & Koch, APLC; Lucia J.W. McLaren, Esq., and Michael K. Johnson, Esq., Goldenberg & Johnson, PLLC, counsel for Plaintiff.

Bridget M. Ahmann, Esq., and Erin M. Verneris, Esq., Faegre & Benson LLP; Jeffrey R. Pilkington, Esq., Davis, Graham & Stubbs, LLP; and Tom Wagner, Esq., Davis, Graham & Stubbs, LLP, counsel for Defendant Wyeth, Inc.

Andrew J. Calica, Esq., and Henninger S. Bullock, Esq., Mayer Brown, LLP; and Bridget M. Ahmann, Esq., and Erin M. Verneris, Esq., Faegre & Benson LLP, counsel for Defendant Schwartz, Pharma, Inc.

Joseph P. Thomas, Esq., Matthew V. Brammer, Esq., Rex A. Littrell, Esq., and Tiffany Reece Clark, Esq., Ulmer & Berne LLP; and Tracy J. Van Steenburgh, Esq., and Dana M. Lenahan, Esq., Halleland Lewis Nilan & Johnson PA, counsel for Defendants PLIVA, Inc.

David L. Hashmall, Esq., Fellhaber Larson Fenlon & Vogt, PA, counsel for Defendant Teva Pharmaceuticals USA, Inc.

## INTRODUCTION

This matter is before the Court pursuant to a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) brought by Defendants Wyeth, Inc. ("Wyeth") and Schwarz Pharma, Inc. ("Schwarz").[1]  For the reasons discussed below, the Court grants the motion.

## BACKGROUND

Mary Karen Moretti is a resident of Nevada.  Moretti claims that she developed Tardive Dyskinesia, a neurological disorder, as a result of her ingestion of metoclopramide.  Metoclopramide, which is available in brand (Reglan®) or generic form, is used to treat certain gastrointestinal disorders.  Moretti sued Defendants alleging various claims related to the manufacture, marketing, and sale of metoclopramide.  Her causes of action include strict products liability, breach of express warranty, negligence, misrepresentation by omission, negligent misrepresentation, fraud by concealment, violation of the Minnesota Consumer Protection Act, fraud by concealment, breach of

---

[1] Defendant Pliva, Inc., joins in the motion. (Doc. No. 45.)

implied warranties, strict joint and several liability, constructive fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Wyeth is a Delaware corporation with its principal place of business in New Jersey.[2] Schwarz is a Delaware corporation with its principal place of business in Georgia. At different times, Wyeth and Schwarz manufactured and distributed Reglan® and/or generic metoclopramide.[3]

Wyeth and Schwarz now bring the current motion to transfer, arguing that this case should be transferred to the United States District Court for the District of Nevada.

## DISCUSSION

### I. Motion for Transfer

Wyeth and Schwarz move to transfer this action to the District of Nevada pursuant to 28 U.S.C. § 1404(a). That section provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer pursuant to § 1404(a), the Court must consider the convenience of the parties, the convenience of the witnesses, and the interest of justice. *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In considering these factors, the Court must make a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant facts." *Id*. The

---

[2] Wyeth Pharmaceuticals, Inc., is a Delaware corporation with its principal place of business in Pennsylvania.

[3] As alleged in Moretti's Complaint, all named defendants are headquartered outside of Minnesota.

3

burden is on the party seeking the transfer "to show that the balance of factors 'strongly' favors the movant." *See Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). Here, there is no dispute that this case "might have been brought" in Nevada. The Court therefore considers the relevant transfer factors.

### A.   *Convenience of the Parties*

"[S]ection 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." *Id*. Normally, there is a presumption in favor of the plaintiff's forum. *Id.*; *Christensen Hatch Farms, Inc. v. Peavey Co.*, 505 F. Supp. 903, 911 (D. Minn. 1981). Here, however, Moretti's choice is owed little deference. *See Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999) (explaining that courts afford significantly less deference to plaintiff's choice when the plaintiff does not reside, and the underlying facts did not occur, in the selected forum). First, Moretti is a resident of Nevada. She does not reside in or have any apparent connection to Minnesota. Second, the events giving rise to this litigation did not occur in Minnesota and this action bears little or no connection to Minnesota. Moretti concedes that she was prescribed, ingested, and was allegedly injured by Reglan®/metoclopramide while living in her home state of Nevada. Finally, none of the defendant corporations are based in Minnesota. Even though Wyeth has a registered agent in Minnesota, its presence in Minnesota appears to be, at most, minimally related to the facts of this case. The Court finds that the

convenience of the parties weighs in favor of transferring this case to the District of Nevada.

### B.     *Convenience of Witnesses*

The convenience of witnesses is an important factor for the Court and the parties because it affects the access to sources of proof. *Graff*, 33 F. Supp. 2d at 1121 (D. Minn. 1999). In considering the convenience of witnesses, courts have focused on the number of non-party witnesses, the location of all witnesses, and the preference of courts for live testimony as opposed to depositions. *See id.*

Based on the allegations in the Complaint, it appears that most fact witnesses reside in Nevada. Moretti resides in Nevada, and she was prescribed and ingested Reglan® and/or metoclopramide while living in Nevada. Moretti conceded that her treating physicians are located in Nevada.[4] Further, there is no indication that any of the corporate witnesses will be from Minnesota. It is evident that Nevada would be more convenient for most of the fact witnesses. In addition, venue in Nevada would ensure the live testimony of the fact witnesses located in that forum. The Court concludes that the convenience of the witnesses weighs in favor of transferring this action to the District of Nevada.

---

[4]     Plaintiffs do not dispute that many of the fact witnesses, including Moretti's treating physicians, are located in Nevada. Instead, they argue that the inconvenience to these witnesses can be remedied.

### C.     *Interests of Justice*

The Court must also evaluate what venue will best promote the interests of justice. *Id*. This factor is weighed "very heavily." *Id.* A number of relevant considerations include judicial economy, the plaintiff's choice of forum, the costs of litigating in each forum, obstacles to a fair trial, and choice of law issues. *See Terra Int'l*, 199 F.3d at 696.

The Court recognizes the interest in protecting the Moretti's choice of forum. As explained above, however, Moretti's choice is owed little deference and is outweighed by the lack of connection between the action and Minnesota. Moretti and most key witnesses reside in Nevada. The underlying events related to Moretti's injury that was allegedly caused by the ingestion of Reglan®/metoclopramide occurred in Nevada. Thus, the citizens and court of Nevada have a greater interest in adjudicating this case.

Moretti acknowledges that this case was filed in Minnesota because the statute of limitations had run in Nevada. Moretti requests that if the Court transfers this case, that it "assure the viability of [her] case by attaching the Minnesota statute of limitations to it." (Pl.'s Mem. in Opp'n to Defs.' Wyeth and Schwarz Pharma, Inc.'s Mot. to Transfer Venue at 19.) The Court declines to do so. The parties agree that because the case was brought in Minnesota, any transferee court would be required to apply the applicable procedural law of the transferor forum. *See, e.g.*, *Ferens v. John Deere Co.*, 494 U.S. 516, 532-33 (1990). The parties, however, do not agree that the application of Minnesota procedural law will necessarily result in the application of Minnesota's statute of

limitations.[5] In any event, a change of venue under § 1404(a) affects only the location of the courthouse, not the law to be applied. The transferee court must apply the state law that would have applied to the action had there been no transfer of venue. *Van Dusen v. Barrack*, 376 U.S. 612, 821 (1964). Therefore, the issue of which state's statute of limitations will apply to this action does not weigh against transferring this case, as this issue can be properly decided by the transferee court.

The Court finds that the interests of justice are better served if this action is transferred to the District of Nevada.

## CONCLUSION

Accordingly, based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Wyeth and Schwarz's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. No. 25) to the District of Nevada is **GRANTED**.

Dated: March 17, 2008               s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    Judge of United States District Court

---

[5] In particular, Wyeth and Schwarz argue that discovery in this case may well support the application of Minnesota's "borrowing statute" to Plaintiffs' claims. *See* Minn. Stat. Ann. § 541.31 (2007).